IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

       v.                                  03-cr-87-bbc

JOHN E. WILLBORN, III,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of John E. Willborn III's supervised release was held on November 13, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Laura Przybylinski Finn. Defendant was present in person and by counsel, Erika Bierma. Also present was Senior United States Probation Officer Michael D. Harper.

From the record and defendant's stipulation I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on September 17, 2003, following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of

Prisons to serve a term of imprisonment of 46 months, with a three-year term of supervised release to follow, and ordered to pay restitution in the amount of $10,939.

Defendant began his term of supervised release on November 8, 2006. He violated Standard Condition No. 7, requiring him to abstain from illegal drug use, as evidenced by his February 22, 2008 urine specimen, which tested positive for cocaine and Oxycodone, and his urine specimens of February 26, and March 5, 2008, which tested positive for Oxycodone.

On March 19, 2008, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, when he committed a robbery with use of force. On April 1, 2008, he violated this condition again when he possessed a controlled substance. Defendant's conduct falls into the category of a Grade A violation. Upon finding a Grade A violation, the court shall revoke supervised release, as defined by §7B1.3(a)(1) of the sentencing guidelines policy statement for violations of supervised release. 18 U.S.C. § 3583(g)(1), requires revocation of supervised release if the court finds that defendant possessed a controlled substance.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the three-year term of supervised release imposed on defendant on September 17, 2003, will be revoked.

2

Defendant's criminal history category is I. With a Grade A violation and a criminal history category of I, defendant has an advisory guideline range of imprisonment of 12 to 18 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The sentence will run consecutively to the sentence defendant is serving for robbery with use of force. The intent of this sentence is to take into account defendant's history, including his underlying federal offense of bank robbery, while also holding him accountable for his violations. The sentence is also intended to protect the public from future criminal acts by defendant.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 17, 2003 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, to be served consecutively to his current two-year state sentence for robbery with use of force imposed in the Circuit Court for Iowa County, Wisconsin, Case No. 2008-CF-48. No term of supervised release shall follow. Defendant

is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 14th day of November 2008.

                        BY THE COURT:
                        /s/
                        BARBARA B. CRABB
                        Chief District Judge